**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Plaintiff*
*Antolin A. Rivera, Jr.*

FILED
DISTRICT COURT OF GUAM
NOV 1 8 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

05-00034

| | | |
|---|---|---|
| ANTOLIN A. RIVERA, JR., | ) | CIVIL CASE NO. CV_____ |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| GUAM SANKO TRANSPORTATION, INC., | ) | |
| Defendant. | ) | |

Plaintiff, Antolin A. Rivera, Jr., through Phillip Torres, Esq., Teker Torres & Teker, P.C., and complains against the above named Defendant as follows:

1. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5, the Age Discrimination Employment Act of 1967 and under 28 U.S.C. §1331.

2. Plaintiff is an individual and adult citizen of the United States and resides in the territory of Guam.

3. Defendant is a corporation created and operating under the laws of the territory of Guam.

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964

for employment discrimination. Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g).

5. This is also an action seeking redress for the violation of rights guaranteed to the Plaintiff by the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.

## CLAIMS FOR RELIEF

## NATIONAL ORIGIN

6. The acts complained of in this claim concern the discriminatory treatment of Plaintiff by failure to pay full wages and benefits and wrongful termination of Plaintiff's employment as an accounting manager of the Defendant.

7. On August 9, 2004, Defendant had seven (7) managers, six (6) of whom were of Japanese descent.

8. The Plaintiff, of Filipino decent, was discriminated against because of his national origin.

9. The facts surrounding the claim for employment discrimination are that:

9.1. Nearly all key positions of the company, supervisory or managerial, are held by Japanese nationals who are employed by the Defendant.

9.2. Japanese managers all enjoy tangible employment benefits denied to Plaintiff.

9.3. On or about November 1, 2001, Defendant's seven (7) management employees took a temporary pay reduction. Plaintiff, the accounting manager, had his monthly salary reduced from Four Thousand Seven Hundred Dollars ($4,700) to Three Thousand Seven Hundred Dollars ($3,700).

9.4. In January 2004, the salary reductions were cancelled and the prior salary structure for management was reinstated by the company, with the exception of the Plaintiff.

9.5 On or about August 9, 2004, Plaintiff was terminated by Defendant without explanation and was subsequently denied his remaining retirement benefits.

9.6. As a result of the above stated discriminatory conduct, Plaintiff has lost his job and consequently suffered damages of lost earnings and employment benefits, shame, humiliation and anger.

10. The Plaintiff has no adequate remedy at law.

11. Unless the Court acts to enjoin Defendant's discriminatory conduct alleged in this Complaint, the Plaintiff will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act.

## AGE DISCRIMINATION

12. Plaintiff realleges paragraphs one (1) to eleven (11).

13. The Plaintiff is a sixty-one (61) year old American citizen who seeks equitable and monetary relief under the Age Discrimination in Employment Act, including reinstatement to the position from which he was wrongfully terminated, back pay, employment benefits, retirement pay and all other equitable relief he is entitled to under the law.

14. In or about December 1976, Plaintiff commenced employment with Defendant. His last job title was Accounting Manager.

15. Plaintiff was wrongfully terminated by the Defendant on August 9, 2004.

16. At the time of Plaintiff's discharge, the Plaintiff's monthly salary was Three Thousand Seven Hundred Dollars ($3,700) but is should have been Four Thousand Seven Hundred Dollars ($4,700) a month.

17. Plaintiff was terminated without a given reason. Prior to termination, the Plaintiff had complied with all of Defendant's rules and policies as those are stated in the

Defendant's employee handbook.

18. Plaintiff was terminated so that Defendant could hire a much younger employee at a reduced salary.

19. Plaintiff's replacement was at his desk even before he had the opportunity to collect his personal effects.

20. As a result of the arbitrary and capricious acts of the Defendant, Plaintiff has suffered grievous harm including, but not limited to, substantial loss of income, loss of benefits, shame and humiliation.

21. The Plaintiff's acts constitute unlawful discrimination against the Plaintiff because of his age, in violation of the provisions of the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.

## CONDITIONS PRECEDENT TO SUIT

22. The discrimination occurred during Plaintiff's employment, especially between January 2004 through August 2004.

23. The Plaintiff timely filed charges with the Equal Employment Opportunity Commission in Honolulu, Hawaii (the "Commission") regarding Defendant's discriminatory unlawful conduct.

24. The Plaintiff received a Notice of Right to Sue from the Commission dated October 18, 2005.

WHEREFORE, Plaintiff requests that this Court award Plaintiff the following:

1. Plaintiff's compensation for full back wages representing the difference in full pay from Plaintiff's termination date to the present, together with general damages in an amount to be proven at trial;

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

2. Reinstatement of employment and all employment benefits lost, including retirement and One Thousand Dollars ($1,000) salary for the months of January 2004 to August 9, 2004.

3. Plaintiff's reasonable attorneys' fees, costs and disbursements; and

4. Any and all relief that is just and proper.

Dated at Hagåtña, Guam on this 18th day of November, 2005.

TEKER TORRES & TEKER, P.C.

By *[signature]*
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff, *Antolin A. Rivera, Jr.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of Federal Rules of Civil Procedure, Plaintiff demands for a jury trial.

M:\COMMON\USERS\JOYLEEN\RIVERA COMPLAINT.wpd

# CIVIL COVER SHEET

**05-00034**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANTOLIN A. RIVERA, JR.

**DEFENDANTS**
GUAM SANKO TRANSPORTATION, INC.

(b) County of Residence of First Listed Plaintiff: Guam
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**RECEIVED NOV 18 2005 DISTRICT COURT OF GUAM HAGATNA, GUAM**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Phillip Torres, Esq.
Teker Torres & Teker, P.C.    (671) 477-9891-4
130 Aspinall Ave, Suite 2A, Hagatna, Guam 96910

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C §2000e-5; 29 U.S.C. §631, et seq.

Brief description of cause:
Employment Discrimination-National Origin & Age.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 11/18/05
SIGNATURE OF ATTORNEY OF RECORD: /s/ Phillip Torres

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**ORIGINAL**